**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

ACJ CAPITAL, INC.,
SOLID VIEW CAPITAL LLC and
ANGEL FERNANDO COLLAZO

Defendants.

CASE NO. 3:12-cv-1083-JAF

# ~~[PROPOSED]~~ CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF <u>AGAINST DEFENDANTS</u>

This cause comes before this Court upon Plaintiff U.S. Commodity Futures Trading Commission's ("Commission") Complaint and its Motion for Statutory Restraining Order and An Order to Show Cause Regarding Preliminary Injunction and Other Equitable Relief ("Motion"); and the Court having considered the Complaint, the Motion, the Commission's Brief in Support of the Motion, and other evidence submitted and papers filed in this action hereby finds as follows:

1. Defendants ACJ Capital, Inc. ("ACJ"), Solid View Capital LLC ("Solid View") and Angel Fernando Collazo ("Collazo"), without admitting or denying the allegations of the Complaint for the purpose of this Consent Order of Preliminary Injunction and Other Equitable Relief ("Order"), but admitting to allegations referring to jurisdiction and venue as stated under Section I below, consent to entry of this Order and state that this Order is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or

representative thereof, to induce them to consent to this Order. For the purposes of this Order, Defendants ACJ, Solid View and Collazo waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

**I.**

***Definitions***

For purposes of this Order, the following definitions apply:

3. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("FRCP") 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

4. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at financial institutions), credits, receivables, lines of credit, contracts including spot and futures or options contracts, insurance policies, and all cash, wherever located.

5. "Defendants" means ACJ, Solid View and Collazo, and any person insofar as he or she has acted or is acting in the capacity of an officer, agent, servant, employee, or attorney of ACJ, Solid View or Collazo, and any person who receives actual notice of this Order by personal

service or otherwise insofar as he or she is acting in concert or participating with ACJ, Solid View or Collazo.

## II.

## *Jurisdiction and Venue*

**IT IS HEREBY ORDERED** that:

6. The Court has jurisdiction over the transactions at issue in this case pursuant to Section 6c of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the Food Conservation and Energy Act of 2008, Public Law No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), 7 U.S.C. § 2(c)(2) (Supp. III 2009). Section 6c(a) of the Act, 7 U.S.C. § 13a-1 (2006), authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

7. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), in that Defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this district.

## III.

## *Prohibition from Violations of the Act*

**IT IS FURTHER ORDERED** that:

8. Defendants ACJ, Solid View and Collazo, all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of defendants, and all persons insofar as they are acting in active concert or participation with defendants who

al

receive actual notice of this Order by personal service or otherwise, shall be prohibited and restrained from directly or indirectly:

a. in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or other agreement, contract, or transaction subject to paragraphs (1) and (2) of Section 5a(g) of the Act, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market–

(i) cheating or defrauding or attempting to cheat or defraud the other person;

(ii) willfully making or causing to be made to the other person any false report or statement or willfully entering or causing to be entered for the other person any false record; or

(iii) willfully deceiving or attempting to deceive the other person by any means whatsoever in regard to any order or contract or the disposition or execution of any order or contract, or in regard to any act of agency performed, with respect to any order or contact for or, in the case of paragraph (2), with the other person

in violation of Section 4b(a)(2)(A)-(C) of the Act, as amended by the CRA, 7 U.S.C. § 6b(a)(2)(A)-(C) (Supp. III 2009), which applies to Defendants' foreign currency ("forex") transactions "as if" they were a contract of sale of a commodity for future delivery. Section 2(c)(2)(C)(iv) of the Act, as amended by the CRA, 7 U.S.C. § 2(c)(2)(C)(iv) (Supp. III 2009) and Commission Regulation 5.2(b), 17 C.F.R. § 5.2(b) (2011); and

b. operating or soliciting funds, securities, or property for any pooled investment vehicle that is not an ECP in connection with forex transactions without the proper registration as

a Commodity Pool Operator ("CPO") or an Associated Person of a CPO, in violation of Section 2(c)(2)(C)(iii)(I)(cc), 7 U.S.C. 2(c)(2)(C)(iii)(I)(cc) (Supp. III 2009) and Commission Regulations 5.3(a)(2)(i)-(ii), 17 C.F.R. §§ 5.3(a)(2)(i)-(ii) (2011).

## IV.

### *Prohibition Against Transfer, Dissipation, and Disposal of Assets*

**IT IS FURTHER ORDERED** that:

9. Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any of Defendants' assets, wherever located and whether within the custody, control or actual of constructive possession of Defendants, including Defendants' assets held outside the United States and its territories, except as provided in Section III of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

10. Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by, Defendants.

al

V.

*Transfer of Funds and Documents*

**IT IS FURTHER ORDERED** that within five (5) business days following the service of this Order, Defendants shall:

11. Transfer to the territory of the United States, all of Defendants' assets (other than real property) located outside the United States and its territories; and

12. Provide the Commission, and any receiver later appointed by the Court, access to all records of Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

VI.

*Directives to Financial Institutions and Others*

**IT IS FURTHER ORDERED**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any of Defendants' assets at any time since February 1, 2010, shall:

13. Prohibit Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' assets, except as directed by further Order of the Court;

14. Deny Defendants, and all other persons access to any safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly; or (b) otherwise subject to access by Defendants;

15. Provide counsel for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every

al

account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants , either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is (i) owned controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or (ii) otherwise subject to access by Defendants; and

16. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, Internal Revenue Service Forms 1099, and safe deposit box logs.

**VII.**

***Maintenance of Business Records***

**IT IS FURTHER ORDERED** that:

17. Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are immediately restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that

al

relate to the business entities operated by Defendants, or business or personal finances of Defendants and their subsidiaries or affiliates.

**VIII.**

***Inspection and Copying of Books and Records***

**IT IS FURTHER ORDERED** that:

18. Representatives of the Commission shall immediately be allowed to inspect the books, records, and other documents (including, but not limited to, electronically stored information, tape recordings, and computer disks) of Defendants and their respective agents, wherever they may be situated and whether they are in the possession of Defendants, or others, and to copy said documents, information and records, either on or off Defendants' premises; and

19. Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with Defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile or other electronic transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all books and records of Defendants, wherever such books and records may be situated, and to locate and provide to representatives of the Commission information regarding the whereabouts of Defendants.

**IX.**

***Order Barring Relief Against Defendants Assets***

**IT IS FURTHER ORDERED** that:

20. Except by leave of the Court and until further orders of the Court, the Defendants and all other persons and entities seeking relief of any kind from Defendants' assets (other than the present action by the Commission, and including, but not limited to, customers, clients, pool

al

participants, investors, members, partners, trust beneficiaries, note holders, creditors, claimants, lessors, in law or in equity, and all persons acting on behalf of any such customer, client, pool participant, investor, member, partner, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, and all offices and deputies, and their respective attorneys, servants, agents and employees) are restrained, enjoined and stayed from doing anything, directly or indirectly, to interfere with the administration of Defendants' assets (including administration by a receiver, should appointment of such prove necessary), including taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Defendants, including but not limited to, the following actions:

a. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

b. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

c. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants, and

al

d. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants.

## X.

## *Bond Not Required of Plaintiff*

**IT IS FURTHER ORDERED** that:

21. The Commission is an agency of the United States of America and, accordingly, need not post a bond.

## XI.

## *Service*

**IT IS FURTHER ORDERED** that:

22. Copies of this Order shall be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this Order. And

al

XII.

*Force and Effect*

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, at San Juan, Puerto Rico, on the 14 day of February, 2012, at 2:00p.m.

S/JOSE ANTONIO FUSTE
UNITED STATES DISTRICT JUDGE

**CONSENTED TO AND APPROVED**, in San Juan, Puerto Rico, this 12 day of February, 2012:

Angel Fernando Collazo
Personally and as Corporate Representative for Defendants ACJ Capital, Inc. and Solid View Capital LLC

Jose M. Pizarro-Zayas
USDC-PR No. 116905
Assistant United States Attorney
Chief, Civil Division
Of Counsel

Office of the United States Attorney
350 Carlos Chardon Avenue
Suite 1201
San Juan, PR 00918
(787) 282-1840
jose.pizarro@usdoj.gov

James A. Garcia
USDC-PR No. G01301
Michael Solinsky
USDC-PR No. G01303
Gretchen L. Lowe
USDC-PR No. G01302
Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, DC 20581
(202) 418-5362 (Garcia)
jgarcia@cftc.gov
msolinsky@cftc.gov
glowe@cftc.gov

**CONSENT TO RELEASE OF FINANCIAL RECORDS**

I, Angel Fernando Collazo, of the Commonwealth of Puerto Rico, a territory of the United States of America, and president of ACJ Capital, Inc. and Solid View Capital LLC, businesses registered in the Commonwealth of Puerto Rico, do hereby direct any bank or trust company at which I have a bank account or other financial account of any kind, or at which I have a bank account or other financial account of any kind which I have operated under the name of Angel Fernando Collazo, ACJ Capital, Inc., or Solid View Capital LLC to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to said bank or other financial accounts to any attorney of the United States Commodity Futures Trading Commission, and to give evidence relevant thereto, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal.

Dated: 2/1/12

______________________________
Angel Fernando Collazo
Individually and as President of ACJ Capital, Inc.
and Solid View Capital LLC